Lee A. GEHMAN, Individually and as parent and natural guardian of Jessica Gehman, a minor, Plaintiff,

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Third–Party Plaintiff,

v.

The PENNSYLVANIA COMMONWEALTH DEPARTMENT OF EDUCATION and the School District of Northern Lehigh, Third–Party Defendants.

Civ. A. No. 88–2991.

United States District Court, E.D. Pennsylvania.

Jan. 6, 1989.

Richard J. Orloski, Orloski & Hinga, Allentown, Pa., for plaintiff.

David M. McCormick, Liebert, Short, Fitzpatrick & Hirshland, Philadelphia, Pa., for third-party plaintiff.

Paul L. Stevens, Andrew E. Faust, Curtin and Heefner, Doylestown, Pa., for School Dist. of Northern Lehigh.

Maria Parisi Vickers, Chief Deputy Atty., General Chief, Eastern Region, Office of Atty. Gen., Philadelphia, Pa., for Pennsylvania Dept. of Educ.

## MEMORANDUM

TROUTMAN, Senior District Judge.

Presently pending before the Court are two cases relating to an automobile accident in which plaintiff Jessica Gehman, then three years of age, suffered severe head injuries. As a result thereof, plaintiffs allege that Jessica is in need of specialized educational services. In this action, plaintiffs aver that it is the responsibility of defendant Prudential Insurance Co., pursuant to an applicable policy of insurance, to pay for the services she allegedly requires and is receiving. Plaintiffs further allege that, after initially paying for the services at issue, Prudential has now refused to do so.

Prudential subsequently filed a third party complaint against Northern Lehigh School District and the Commonwealth of Pennsylvania, Department of Education, alleging that these entities are primarily responsible for the provision of special education services to handicapped children. Accordingly, Prudential alleges that if plaintiffs' claim is successful, the third party defendants are required to provide any special education services which may be necessary.

Third party defendants have moved to dismiss the third party complaint. The school district contends that Prudential has failed to state a claim upon which relief may be granted by basing its complaint on the Education for All Handicapped Children Act (EHA), 20 U.S.C. § 1400, et seq., while the Department of Education argues that Prudential's claim is barred by the Eleventh Amendment to the Constitution.

This Court recently considered the parameters of subject matter jurisdiction conferred upon district courts by EHA and concluded that our jurisdiction may be invoked only after the due process procedures specified in the statute and its implementing regulations have been exhausted. *Allstate Insurance Company v. Bethlehem Area School District,* 678 F.Supp. 1132 (E.D.Pa.1987). We also concluded that the plaintiff insurance company in that action lacked standing to pursue its claim under the EHA. *Id.* Hence, we dismissed the amended complaint for want of subject matter jurisdiction.

In this action, Prudential argues that it is not seeking to establish that it is entitled to any relief under the EHA. Rather, Prudential contends that if Jessica prevails in her action against it, the school district, which is responsible for educating Jessica, is liable for the cost of whatever special services she requires. Thus, according to Prudential, the circumstances here present are far different from those in *Allstate.*

The fact that Prudential seeks to invoke the EHA indirectly, by means of a third party action, does not alter the basic claim for relief. In effect, Prudential argues that if its contract with one of its insureds requires that it pay for certain services to alleviate the effects of an injury resulting from an accident in which that insured was involved, Prudential's responsibility may be shifted to a school district under certain circumstances, *i.e.,* when the necessary services are provided in connection with the education of a child potentially covered by EHA. Prudential misperceives the statutory scheme.

▆▆▆ In the first instance, as this Court noted in *Allstate,* the statute does not provide for general subject matter jurisdiction over EHA issues by the federal courts.[1]

1. We are not, in this action, confronted by a school district's failure or refusal to make available to a student the statutorily mandated due process procedures contained in the EHA. We

Second, the statute does not provide for any mechanism whereby anyone other than a student seeking special education services may invoke the EHA. Finally, regulations promulgated to implement the statute clearly and specifically state that the statute and regulations do not purport to relieve an insurer from its obligation to provide or pay for services to a handicapped child. *See*, 34 C.F.R. § 300.301(b).

 While the basis for subject matter jurisdiction here asserted is diversity of citizenship, the basic principles enunciated in *Allstate* nevertheless control the issues here presented. An insurer lacks standing to invoke the EHA as a basis for a claim against a school district. In the context of this action, such lack of standing means that Prudential cannot state a claim upon which relief may be granted. Thus, the action must be dismissed pursuant to Fed. R.Civ.P. 12(b)(6), since there is no legal basis for Prudential's claim. Factual development of Prudential's claim is unnecessary in that there are no possible facts upon which such a claim could succeed. To reiterate the principle enunciated in *Allstate*, the requirements of the EHA are enforceable by and for the benefit of children who are or may be entitled to services thereunder, not insurance companies.

 In addition to the lack of any provision in the EHA through which an insurance company can assert a claim against a school district, there is another reason why Prudential's claim must be dismissed. The notion that the EHA completely and definitively specifies the level of educational services to which an allegedly handicapped child may be entitled has been firmly rejected by the courts. *See, e.g., Geis v. Board of Education of Parsippany/Troy Hills*, 774 F.2d 575 (3d Cir.1985). The EHA provides a floor of educational opportunity for children identified, by means of statutory procedures, as handicapped within the meaning of the statute. Local education agencies are thereby required to provide an appropriate education such that a handicapped child is able to make reason-

able educational progress, *i.e.*, to achieve passing marks and advance from grade to grade. *Hendrik Hudson District Board of Education v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). This standard applies to the EHA only. It does not purport to define the benefits to which Jessica may be entitled under the applicable insurance contract. She may, *e.g.*, seek services which afford her an optimal rather than an appropriate education as guaranteed by the statute. Likewise, she could be entitled to no services under EHA if she is determined not to be handicapped within the meaning of the statute, or if certain services she may seek are determined not to be necessary for her to benefit from special education. Such determinations under EHA, however, would not necessarily foreclose her ability to seek medical and/or educational benefits under the insurance contract.

In short, there is no absolute, dispositive connection between what the insurance company is obligated to provide in satisfaction of a legitimate claim under an applicable policy and what a school district is required to provide under the EHA. Nothing in the statute or caselaw relating thereto supports the proposition that any obligation which Prudential may have to provide educational services to Jessica pursuant to the insurance contract is secondary to the obligation of third party defendants under EHA.

Although the foregoing reasons provide ample justification for dismissing the third party complaint, the Court will address, for the sake of completeness, Prudential's reasons for the contention that it is necessary for Northern Lehigh School District to be a party to this action.

 Prudential first argues that the school district's presence is necessary because of certain provisions of the Pennsylvania No-fault Act which might bar plaintiffs' recovery against Prudential for failure to preserve its rights and/or to properly seek government benefits for which Jes-

express no opinion, at this time, as to the effect of such failure or refusal upon a proper plain-

tiff's recourse to federal district court without exhaustion of administrative procedures.

sica may be eligible. Prudential also argues that it intends to rely upon the expertise of the school district, which previously determined that Jessica is not handicapped within the meaning of EHA, to demonstrate that the services she seeks are unnecessary. Neither argument provides a reason for keeping the school district as a party in this case. Those arguments relate to defenses which Prudential intends to assert against the plaintiffs. Whether any evidence relating thereto is relevant, admissable or dispositive as to plaintiffs' claim against Prudential, issues which we do not address at this time, has nothing to do with Northern Lehigh School District's presence as a party in this case.

As noted previously, also pending before this Court is a case brought by the same plaintiffs against Northern Lehigh School District seeking special education services pursuant to EHA. Evidence relating to issues which Prudential raises as defenses in this action may well be developed in that action. Final adjudication of this case may thus depend upon the outcome of that case, a possibility which the Court will monitor and consider further as both cases proceed.

All things considered, however, the existence of the other action provides still another reason why Northern Lehigh's presence in this case is unnecessary. While it is true that adjudication of an entire controversy in one action is a generally desirable goal, it cannot be permitted to override and do violence to a carefully crafted statutory scheme which, we conclude, requires that the issues relating to Northern Lehigh's obligations under the EHA be treated in a separate action. The pendency of an action in which issues related to Northern Lehigh's possible responsibilities for Jessica's alleged special education needs assures that all relevant issues will receive proper and timely consideration. Thus, while Prudential may be correct in its contention that its contractual obligations may be affected by Northern Lehigh's obligations under the EHA, Prudential is incorrect in its insis-

tence that all issues relating thereto must be adjudicated in this action.

For all of the foregoing reasons we conclude that it is both necessary and proper to grant third party defendants' motions to dismiss Prudential's third party complaint.[2]

---

**2.** Our disposition of Northern Lehigh's motion pursuant to Fed.R.Civ.P. 12(b)(6) is applicable to Prudential's claim against the Pennsylvania Department of Education as well, obviating the need to consider the Eleventh Amendment basis for its motion to dismiss the third party complaint and we express no opinion as to that issue.